**Juan C. Chavez**, OSB #136428
Email: juan@chavezlawpdx.com
PO Box 5248
Portland, OR 97208
Telephone: 503 944-2270 ext. 212
Facsimile: 971-275-1839
**Crystal S. Maloney**, OSB #164327
Email: crystal.s.maloney@gmail.com
333 SW Taylor St., Suite 300
Portland, OR 97204
Telephone: 541-646-5130

    Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| LINDA SENN, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF PORTLAND; LARRY GRAHAM; JEFFREY MCDANIEL; MULTNOMAH COUNTY; KYLE SMITH; and JOHN DOES 1-10. <br><br> Defendants. | Case No. 3:18-cv-1814 <br><br> AMENDED COMPLAINT <br><br> Civil Rights Action (42 U.S.C. § 1983) for excessive force in violation of the Fourth Amendment, and unlawful infringement of speech in violation of the First Amendment <br><br> DEMAND FOR JURY TRIAL |

    Ms. Senn went to Portland City Hall on October 12, 2016 to engage with her city government. The City of Portland was voting on a new collective bargaining agreement with the Portland Police Association, the bargaining union for Portland Police Bureau rank and file members. Ms. Senn had an appointment with the Portland Office of Neighborhood Involvement, and had signed up to testify before Mayor Charlie Hales and the Portland City Commissioners, as the new agreement was of grave public interest. A protest of the bargaining agreement and its secretive voting process ensued, and Portland Police Officers began ejecting community

MOTION TO AMEND COMPLAINT
Page 1 of 9

members from City Hall. The Officers employed unreasonable use of force to eject the community, creating an unnecessarily dangerous situation for all. Ms. Senn saw her community getting pushed and tossed down the steps of City Hall, and tried to help. Ms. Senn was unjustifiably pepper-sprayed twice in the face, once by a Portland Police Officer and again by a Multnomah County Sheriff Deputy.

## JURISDICTION

1. This court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. §§ 1983, and 28 U.S.C. §§ 1331, 1343(a)(3), (4), and supplemental jurisdiction over the State Tort Claims under 28 U.S.C. § 1367(a).

## VENUE

2. Venue is proper within the District of Oregon because all of the events giving rise to this claim occurred in this judicial district, and all defendants reside in this judicial district. 28 U.S.C. § 1391(b). The acts and practices alleged herein occurred in City of Portland, Multnomah County, Oregon.

## PARTIES

3. At the time of filing, Plaintiff Linda Senn (pronouns: she/her) is a resident of Multnomah County, Oregon.

4. Defendant City of Portland is a political subdivision of the State of Oregon, with the capacity to sue and be sued. The Portland Police Bureau is a department or division of the City.

5. Defendant Multnomah County is a political subdivision of the State of Oregon, with the capacity to sue and be sued. The Multnomah County Sheriff's Office is a department or division of the County, and works with the Defendant City of Portland to police protest activities.

6. At the times alleged, Defendant Larry Graham was the Incident Commander for the Portland Police Bureau, and supervised the conduct of the officers present at City Hall. At all times relevant, Larry Graham was acting under color of law, and is sued in his individual capacity.

7. Defendant Jeffrey McDaniel is an officer and agent of the Portland Police Bureau, and is sued in his individual capacity. At all times relevant, McDaniel was acting under color of law.

8. Defendant Kyle Smith, previously "John Doe 1," is a deputy and agent of the Multnomah County Sheriff's Office, and is sued in their individual capacity. At all times relevant, Defendant Smith was acting under color of law.

9. Ms. Senn does not know the true names and capacities of Defendants sued herein as John Does 2-10, and therefore sue this Defendant by a fictitious name. John Does 2-10 are sued in their individual capacity, and are any City of Portland or Multnomah County actor, or other state actor personnel who exercised responsibility over, conspired with, aided and abetted subordinates, and/or directly or indirectly participated in the tortious violations as hereinafter alleged.

## FACTUAL ALLEGATIONS

10. On or about October 12, 2016, Ms. Senn was at Portland City Hall to engage with her City government.

11. Then-Mayor Hales, with a few months left in his administration, had negotiated a new collective bargaining agreement with the Portland Police Association. The new agreement contained a number of topics of interest for involved community members, including but not limited provisions like a guarantee officers can view body camera footage before writing up any

encounters with civilians except fatal ones. Provisions like the body camera provision were developed behind closed doors.

12.     Ms. Senn has been interested in issues surrounding policing for some time, but became even more involved following a family incident wherein her family member had excessive used upon him. For these reasons, Ms. Senn had decided to testify in front of the city council. She also had other city business scheduled that day with the Office of Neighborhood Involvement.

13.     Citing interruptions, Mayor Hales recessed the city council to vote on the collective bargaining agreement away from the public. The Portland Police ordered everyone—public commenters, reporters, protesters, community members—to leave. Ms. Senn left City Hall.

14.     From outside the entrance to City Hall, Ms. Senn could see a tangled mass of protesters being shoved and thrown by the Portland Police through a bottleneck of doors toward a set of stairs leading out of the building. People trying to leave were trapped between the mangled bodies. Viewing this, Ms. Senn went to help keep the doors of City Hall held open, so people could still leave. Without prior warning, Ms. Senn was sprayed on the head with a chemical substance by a Portland Police officer. The chemical's plume spread to her eyes, and Ms. Senn felt an extreme burning sensation.

15.     Ms. Senn left the immediate area. By this time, a team of Multnomah County Sheriffs and was again sprayed with a chemical that caused an extreme burning sensation—this time, by Defendant Kyle Smith.

16.     Following this, Defendant Larry Graham, an officer of the Portland Police Bureau and Incident Commander and the Crowd Control Incident Commander at the time, and whom retained supervision over all police actions at this occurrence, told the Citizen Review

Committee that he was "proud" of how his officers handled the "taunts" of the crowd. The Portland Police Bureau cleared all but one complaints (the one made by the person pepper-sprayed and pushed down the flight of stairs) made against their officers for their actions on October 12, 2016.

17. Pursuant to its mandate following the City's settlement in *United States v. City of Portland*, USDC of Oregon No. 3:12-cv-02265-SI (2012), Dkt. No. 86, to provide reviews of the Portland Police Bureau's compliance with the terms of settlement, the Compliance Officer and Community Liaison (COCL) found that the City inadequately trained its officers in de-escalation, and used excessive force on October 12, 2016. Particularly, COCL noted that "command and control" techniques were mis-labeled as de-escalation tactics during reviews of complaints by community members, and training often de-emphasized de-escalation.

18. Without adequate training, supervision, or review of the Portland Police Bureau's officers, Defendant City has created an environment of militarized responses to mild forms of dissent.

19. This incident brought pain and suffering to Ms. Senn, causing her both physical and emotional distress.

## CLAIMS FOR RELIEF

20. Ms. Senn brings claims under 42 USC § 1983, for violations made by the individually-named Defendants against her Fourth Amendment right to be free from excessive force and infringements against her rights to First Amendment protected activities; and violations made by Defendant City of Portland and Defendant Multnomah County through their policies and

practices, and inadequate training of its employees, resulting in violations of her First and Fourth Amendment rights.

21.     The Defendants are all persons within the meaning of 42 U.S.C. 1983.

22.     Plaintiff seeks an award of economic damages, non-economic damages, punitive damages where appropriate, attorney fees and litigation expenses/costs against defendants.

## CLAIM 1: VIOLATION OF FOURTH AMENDEMENT
(Use of Excessive Force – 42 U.S.C. 1983 – Individual Liability)

23.     Ms. Senn restates and incorporates here the allegations in paragraphs 1 through 21.

24.     It is clearly established law that an officer may not use force that, in light of the circumstances and as perceivable by a reasonable, objective officer, is excessive or unreasonable.

25.     Defendants McDaniel and John Doe 1 had neither probable cause to believe nor a reasonable suspicion that Ms. Senn had committed or was about to commit a crime, nor any reason to believe that Ms. Senn had been or was about to be causing or attempting to cause physical harm to any person.

26.     Defendant Graham through his actions and inaction, and lack of supervision has ratified the activities of the officers deployed to crowd control incidents. This deliberate indifference has led to the unlawful use of force against Ms. Senn.

27.     In taking the actions described above, the individually-named defendants intentionally violated Ms. Senn's right to be free from seizure by excessive or unreasonable force, guaranteed by the Fourth Amendment to the United States Constitution.

28.     The actions of the individually-named Defendants, as described in this complaint, were malicious, deliberate, intentional, and embarked upon with the knowledge of, or in conscious disregard of, the harm that would be inflicted upon Ms. Senn. As a result of said intentional conduct, Ms. Senn is entitled to punitive damages against the individually-named Defendants, in

their individual capacity, in an amount sufficient to punish them and to deter others from like conduct.

29.     As a result of the above-described conduct, Defendants caused Plaintiff to suffer physical pain, emotional distress, discomfort, fear, frustration, and humiliation, including attendant physical symptoms of emotional distress in an amount to be determined by a jury.

### CLAIM 2: VIOLATION OF FIRST AMENDMENT
(Illegal Abridgment of Speech—42 U.S.C. § 1983—Individual Liability)

30.     Plaintiff restates and incorporates here the allegations in paragraphs 1 through 28.

31.     Under the First Amendment, a citizen has the right to free expression and to seek redress from their government. Ms. Senn was engaging in a constitutionally protected activity in the traditional public forum of the Portland City Hall.

32.     As described above, Defendants McDaniel and John Doe 1's actions against Ms. Senn would chill a person of ordinary firmness from continuing to engage in the protected activity, as repeated use of excessive force reasonably can.

33.     Defendant Graham through his actions and inaction, and lack of supervision has ratified the activities of the officers deployed to crowd control incidents. This deliberate indifference has led to the unlawful abridgement of Ms. Senn's freedom of speech.

34.     As a result of the above-described conduct, Defendants caused Plaintiff to suffer physical pain, emotional distress, discomfort, fear, frustration, and humiliation, including attendant physical symptoms of emotional distress in an amount to be determined by a jury.

### CLAIM 3: VIOLATION OF FIRST AMENDMENT
(Illegal Abridgment of Free Speech; Failure to Train—42 U.S.C. § 1983—*Monell* Liability)

35.     Ms. Senn restates and incorporates here the allegations in paragraphs 1 through 33.

36. Defendant Officers and Deputies acted under color of state law and, as described in Claims 1 and 2, deprived Plaintiff of her particular rights under the United States Constitution.

37. Defendant Officers were following a practice or custom of Defendant City of Portland and Defendant Multnomah County to cause the deprivation of Plaintiff's rights to freedom of speech. Furthering this practice, Defendants City and County has either failed to train its officers about well-settled case law concerning the speech rights of protesters, or is openly flouting training its officers about said case law to allow the targeting of protestors. Additionally, Defendants City and County have not properly trained their employees on proper de-escalation techniques. These repeated constitutional violations have been not properly investigated, nor have the violators been disciplined, reprimanded or punished.

38. As a result of the above-described conduct, Defendants caused Plaintiff to suffer physical pain, emotional distress, discomfort, fear, frustration, and humiliation, including attendant physical symptoms of emotional distress in an amount to be determined by a jury.

### CLAIM 4: VIOLATION OF FOURTH AMENDMENT
(Illegal Seizure; Failure to Train—42 U.S.C. § 1983—*Monell* Liability)

39. Plaintiff restates and incorporates here the allegations in paragraphs 1 through 29.

40. Defendant Officers and Deputy acted under color of state law and, as described in Claims 1 and 2, deprived Plaintiff of her particular rights under the United States Constitution.

41. Defendant Officers and Deputy were following a practice or custom of Defendant City of Portland and Defendant Multnomah County to cause the deprivation of Ms. Senn's right to not be illegally seized. Furthering this practice, Defendant City and County have either failed to train its officers to not use excessive force against protesters, or has openly flouted training its officers about excessive use of force against protesters. Additionally, the City and County have not properly trained their employees on proper de-escalation techniques. These repeated

constitutional violations have been not properly investigated, nor have the violators been disciplined, reprimanded or punished.

42. As a result of the above-described conduct, Defendants caused Plaintiff to suffer physical pain, emotional distress, discomfort, fear, frustration, and humiliation, including attendant physical symptoms of emotional distress, in an amount to be determined by a jury.

## DEMAND FOR JURY TRIAL

43. For all claims alleged in this Complaint, Ms. Senn demands a jury trial.

## REASONABLE ATTORNEY'S FEES AND COSTS

44. 42 U.S.C. § 1988(b) allows "the prevailing party… a reasonable attorney's fee as part of the costs…" in an action brought under 42 U.S.C. § 1983.

45. Plaintiff requests that the Court grant a reasonable attorney's fee in this action.

## CONCLUSION

WHEREFORE, plaintiff prays for relief as follows:

a. For judgment in favor of Plaintiff against Defendants for their damages;

b. For reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

c. For such other and further relief as may appear just and appropriate.

DATED: January 9, 2019.

*/s/ Juan C. Chavez*
Juan C. Chavez, OSB #136428
PO Box 5248
Portland, OR 97208
*ATTORNEY TO BE NOTICED*

*/s/ Crystal S. Maloney*
Juan C. Chavez, OSB #164327
333 SW Taylor St., Suite 300
Portland, OR 97204

*Of Attorneys for Plaintiff*