IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

LINDA SENN,                              3:18-cv-01814-BR

        Plaintiff,                  OPINION AND ORDER

v.

CITY OF PORTLAND; LARRY
GRAHAM; JEFFREY MCDANIEL;
MULTNOMAH COUNTY; KYLE SMITH;
and JOHN DOES 1-10,

        Defendants.

**CRYSTAL MALONEY**
165 Court Street #156
Brooklyn, NY 11201
(541) 646-5130

**JUAN C. CHAVEZ**
P.O. Box 5248
Portland, OR 97208
(503) 944-2270, ext. 212

        Attorneys for Plaintiff

**TRACY REEVE**
Portland City Attorney
**ROBERT T. YAMACHIKA**
Senior Deputy City Attorney
Portland City Attorney's Office
1221 S.W. Fourth Avenue, Room 430
Portland, OR 97204
(503) 823-4047

        Attorneys for Defendants City of Portland, Larry Graham,
        and Jeffrey McDaniel

**BROWN, Senior Judge.**

This matter comes before the Court on the Motion (#28) to Dismiss filed by Defendants Larry Graham and Jeffrey McDaniel. The Court concludes the record is sufficiently developed, and, therefore, oral argument is not necessary to resolve Defendants' Motion.

For the reasons that follow, the Court **GRANTS** Defendants' Motion.

## PROCEDURAL BACKGROUND

On October 12, 2018, Plaintiff Linda Senn filed a Complaint (#1) against Defendants City of Portland, Graham, and McDaniel pursuant to 42 U.S.C. § 1983 for injuries she allegedly sustained during an incident on October 12, 2016, at Portland City Hall.

On November 8, 2018, the Clerk's Office electronically issued Summons for the City, Graham, and McDaniel. Dkt. #7.

On November 9, 2018, the City was served with the Summons and Complaint. Although a proof of service has not been filed with the court, the City concedes it has been properly served. Decl. of Robert Yamachika (#9).

On January 9, 2019, Plaintiff filed a Motion (#11) for

Leave to File Amended Complaint to add Multnomah County and Kyle Smith as additional defendants. On the same day Plaintiff filed her Amended Complaint (#12).

On January 10, 2019, the Court granted Plaintiff's Motion to amend and also directed Plaintiff to file proofs of service of the Amended Complaint. Order (#14).

On February 8, 2019, the City filed its Answer (#20) to Plaintiff's Amended Complaint.

On April 4, 2019, Plaintiff submitted an Amended Proposed Summons (#21) for Graham, which the Court issued on April 5, 2019 (Dkt. #22).

On April 11, 2019, the Court noted Plaintiff had failed to file proofs of service of the Amended Complaint as to any Defendant and directed Plaintiff to file such proofs of service no later than April 18, 2019. Order (#23).

On April 23, 2019, Plaintiff filed a Certificate of Service (#24) showing service on "Jeffrey McDanie" (*sic*) on April 8, 2019, by serving Alli Chasteen.

Although Plaintiff has not filed a proof of service, Graham concedes he was served on April 26, 2019. Defs.' Mot. (#28) at 3.

On May 5, 2019, Graham and McDaniel filed a Motion to

3 - OPINION AND ORDER

Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6). They contend Plaintiff did not timely serve them with Summons and Complaint and that Plaintiff's action is barred by the applicable statute of limitations, and, therefore, Plaintiff fails to state a claim against them.

On July 1, 2019, the Court took the Motion under advisement.

## **STANDARDS**

Although injury claims under § 1983 claims are federal causes of action, such claims are governed by the statute of limitations for personal-injury torts of the state in which the injury occurred. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Oregon's statute of limitations for personal-injury actions is two years from the date of the injury. Or. Rev. Stats. § 12.110(1).

An action is commenced in federal court for purposes of the statute of limitations when the complaint is filed. Fed. R. Civ. P. 3. *See also Sain v. City of Bend*, 309 F.3d 1134, 1138 (9th Cir. 2002). After an action is commenced, the plaintiff must serve the complaint on the defendant within 90 days. Fed. R. Civ. P. 4(m). Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own motion after notice to plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

## DISCUSSION

As noted, Graham and McDaniel contend Plaintiff did not timely serve them with Summons and Complaint and Plaintiff's action is now barred by the statute of limitations.

**I. Plaintiff's action was timely commenced.**

Plaintiff filed her Complaint on October 12, 2018, exactly two years from the date of the incident, and, therefore, the action was timely commenced under Oregon Revised Statutes § 12.110(1).

**II. Graham and McDaniel were not timely served.**

As noted, Graham and McDaniel contend they were not timely served, and Plaintiff's action is, therefore, barred against them.

    **A.    Service on Graham and McDaniel**

Pursuant to Rule 4(m), the 90-day deadline to serve the Summons and Complaint on Graham and McDaniel was January 10, 2019. Graham was served on April 26, 2019, which is 196 days

after the filing of the Complaint. McDaniel was served on April 8, 2019, which is 178 days after the filing of the Complaint.

Accordingly, Graham and McDaniel were not served within 90 days of the filing of the Complaint as required by Rule 4(m).

**B. Plaintiff has not shown good cause or excusable neglect for the failure to serve Graham and McDaniel.**

Plaintiff contends the delay in service should be excused for good cause or excusable neglect. Moreover, Plaintiff contends Graham and McDaniel have not shown they have been prejudiced by the late service.

**1. Standards**

"Rule 4(m)'s deadline for service is designed to force parties and their attorneys to be diligent in prosecuting their cause of action." *Fimbres v. United States,* 833 F.2d 138, 139 (9th Cir.1987). *See also Golf Sav. Bank v. Walsh*, No. 09-973, 2010 WL 3222112, at *2 (D. Or. Aug. 13, 2010). When a plaintiff fails to serve a defendant within the time limit, the action is subject to dismissal. Fed. R. Civ. P. 4(m).

For a plaintiff who does not comply with the service deadline, Rule 4(m) provides two avenues for relief. "The first is mandatory: the court must extend time for service upon a showing of good cause. The second is discretionary: if

6 – OPINION AND ORDER

good cause is not established, the court may extend time for service upon a showing of excusable neglect." *Lemoge v. Unites States*, 587 F.3d 1188, 1198 (9th Cir. 2009)(citations omitted).

> Good cause to avoid dismissal may be demonstrated by establishing, at minimum, excusable neglect. In addition to excusable neglect, a plaintiff may be required to show the following factors to bring the excuse to a level of good cause: "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudice if his complaint were dismissed."

*Id.* n.3 (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

Excusable neglect is an equitable determination based on four factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Svc.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000).

 **2. Analysis**

Plaintiff contends she served the City Attorney's Office with Summons and Complaint for all three Defendants and "presumed" the City Attorney's Office had accepted service for Graham and McDaniel individually. Plaintiff also asserts she

was unable to locate either Graham or McDaniel in order to timely serve them. Finally, Plaintiff argues the City, Graham, and McDaniel share a common defense deriving from common facts, and Graham and McDaniel will be subject only to "*de minimis*" prejudice by the delay in service.

Graham and McDaniel, however, contend Plaintiff has not shown good cause or excusable neglect. They assert Plaintiff did not request a waiver of service for any of the Defendants, and counsel for the City specifically told Plaintiff's counsel that he represented only the City. In addition, Plaintiff was told McDaniel could be served through the Portland Police Bureau Court Coordinator and that Graham had retired from the Portland Police Bureau, moved out of state, and would have to be served where he resided.

Plaintiff's presumption that the City Attorney had accepted service on behalf of Graham and McDaniel was erroneously based on his past experience with the City in other cases where the City Attorney had accepted service on behalf of individual defendants. While this mistaken assumption explains counsel's state of mind, it does not constitute good cause to excuse the failure to serve Graham or McDaniel individually and timely under these circumstances. In addition, the Court notes

the City requested two extensions of time to file an Answer in this case, and those requests were made only on behalf of the City and not any other defendant.  This should have served to signal Plaintiff's counsel that the City Attorney's Office was distinguishing between the City and the individual Defendants.

Plaintiff does not offer any evidence as to why she failed to serve McDaniel timely through the Portland Police Bureau Court Coordinator.  Moreover, Plaintiff does not contend her failure to serve Graham or McDaniel timely was based on confusion about service, a calendaring mistake, or any factors beyond her control that prevented service.  In addition, Plaintiff did not request an extension of time to serve Graham or McDaniel even though the Court specifically drew attention to the service issue when it set a deadline for filing proofs of service.  It was not until April 8, 2019, long after the deadline to serve the individual Defendants that service on McDaniel was finally accomplished, and the proof of service was not filed until April 24, 2019.

The record also reflects the following:  On February 8, 2019, the City Attorney filed an Answer on behalf of the City only; on April 4, 2019, Plaintiff requested the Clerk to issue an amended summons with an out-of-state address for

9 - OPINION AND ORDER

Graham in order to serve him; on April 11, 2019, the Court directed Plaintiff to file proofs of service by April 18, 2019, and advised Plaintiff that failure to file proofs of service could result in dismissal of her case; and on April 23, 2019, which was after the deadline set by the Court, Plaintiff filed a proof of service that was for McDaniel only.

Finally, the Court notes Plaintiff does not point to any evidence that Graham or McDaniel had actual notice of her lawsuit before the time they were ultimately served. Plaintiff's argument that Graham and McDaniel will not be prejudiced by the delay in service because they will not be responsible for paying any settlement or judgment if they are found to be liable is irrelevant to the issue of good cause or excusable neglect for failure to serve them timely.

The Federal Rules of Civil Procedure contemplate proper and timely notice to a defendant in order to promote the timely resolution of disputes. See Fed. R. Civ. P. 1 (requiring the Rules to "be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action"). *See also Fimbres*, 833 F.2d at 139 ("Rule 4(m)'s deadline for service is designed to force parties and their attorneys to be diligent in prosecuting their cause of

action.").

On this record the Court concludes Plaintiff has failed to show good cause or excusable neglect for failing to serve Graham and McDaniel within the time prescribed by Rule 4(m).

### III. Plaintiff's claims against Graham and McDaniel are dismissed with prejudice.

As noted, Rule 4(m) states the court "must dismiss the action without prejudice" or direct service to be made within a specified time when service is not accomplished in 90 days. The Court also may extend the deadline for service if the plaintiff demonstrates good cause or excusable neglect.

For the reasons indicated, the Court concludes Plaintiff has failed to demonstrate good cause or excusable neglect. The Court, therefore, does not see any basis to extend the time for service.

Inasmuch as the statutory period under Oregon law as to Plaintiff's claims has expired against Graham and McDaniel the Court concludes Plaintiff's claims against Graham and McDaniel are now barred by the applicable statute of limitations. Accordingly, the Court **DISMISSES with prejudice** Plaintiff's claims against Defendants Graham and McDaniel.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motion (#28) to Dismiss and **DISMISSES with prejudice** Plaintiff's First Amended Complaint as to Defendants Graham and McDaniel.

The Court **DIRECTS** the parties to confer and to file **no later than August 28, 2019,** a joint proposed case-management schedule. The Clerk will set a Rule 16 Conference to occur shortly thereafter.

IT IS SO ORDERED.

DATED this 6th day of August, 2019.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge